966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara Ann SKORUPSKAS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2416.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1992.
 
 Before MERRITT, Chief Judge, MILBURN, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.
 MERRITT, Chief Judge.
 
 
 1
 Petitioner pled guilty in 1988 to twenty-four counts of mail fraud, embezzlement, and other charges stemming from her operation of an illegal pyramid scheme. The court imposed concurrent sentences ranging from one to ten years and ordered petitioner to pay restitution. Petitioner did not appeal her conviction. Earlier she had been enjoined from carrying on her illegal activities in a civil suit brought by the Commodities Futures Trading Commission. Commodities Futures Trading Comm'n v. Skorupskas, 605 F.Supp. 923 (E.D.Mich.1985). In 1991 she filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. She also filed a motion to disqualify the trial court judge under 28 U.S.C. § 455(a), and a motion for conditional release pending disposition. In her § 2255 motion, petitioner claimed that she was denied the right to effective assistance of counsel and subjected to double jeopardy. She also contended that her plea hearing was constitutionally inadequate. District Court Judge Robert E. DeMascio, Eastern District of Michigan, denied each of the petitioner's motions in an order dated November 8, 1991, Criminal No. 87CR80923DT. Petitioner appeals. We affirm.
 
 
 2
 The District Court concluded with respect to petitioner's § 455 motion that there is no evidence of bias or prejudice on the part of the trial court judge who presided over petitioner's civil and criminal trials. Although the trial judge imposed fines and threatened petitioner with additional sanctions for contempt, the District Court found that these actions were taken in a strictly judicial context and did not stem from any personal bias on the part of the judge. The District Court also dismissed petitioner's contention that other comments made by the judge created an appearance of impartiality.
 
 
 3
 With respect to claims made in petitioner's § 2255 petition, the Court found that petitioner was not twice placed in jeopardy for the same crime merely because the trial court in the civil suit had imposed sanctions for failure to comply with a court order. The Court noted that imposition of a civil sanction for contempt does not preclude a subsequent criminal prosecution. Furthermore, the Court found no merit to petitioner's allegations of ineffective assistance of counsel or that her plea hearing was constitutionally inadequate. There was no error in denying petitioner's motion for release pending disposition.
 
 
 4
 For the reasons stated by the District Court we affirm denial of petitioner's motions.